Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| ROBERTO J. LÓPEZ ROMÁN como ciudadano y candidato a la Alcaldía del Municipio Autónomo de Caguas por el Partido Nuevo Progresista<br><br>Peticionario<br><br>v.<br><br>Municipio Autónomo de Caguas representado por su alcalde, Hon. William E. Miranda Torres<br><br>Recurridos | KLCE202500363 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso número: CG2024CV03685<br><br>Sala: 702<br><br>Sobre: Recurso Especial de Revisión Judicial para el Acceso a Información Pública – Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública (Ley Núm. 141-2019) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 15 de mayo de 2025.

Comparece ante *nos*, Roberto J. López Román (López Román o peticionario) y nos solicita que revisemos y revoquemos una *Resolución* emitida y notificada el 20 de diciembre de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Caguas. Mediante dicho dictamen, el TPI declaró *Ha Lugar* la solicitud de descalificación que presentó el Municipio Autónomo de Caguas (Municipio o recurrido).

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari*.

Número Identificador

RES2025 _____

**I.**

El 21 de octubre de 2024, el peticionario presentó un *Recurso Especial de Revisión Judicial para el Acceso a Información Pública,* al amparo de la Ley Núm. 141 de 1 de agosto de 2019 (3 LPRA sec. 9911 *et seq*.). En igual fecha, el Municipio presentó una *Moción Solicitando Descalificación [...].* A grandes rasgos, solicitó la descalificación del Lcdo. Christian J. Francis Martínez y del Bufete Francis & Gueits Law Officce, por incurrir en un conflicto de interés al configurarse una representación sucesiva adversa en contravención con el Canon 21 del Código de Ética Profesional, 4 LPRA Ap. IX. Así pues, el Municipio señaló que previo a esta causa de acción, tanto el Lcdo. Christian J. Francis Martínez y el Bufete Francis & Gueits Law Officce fueron representantes legales del Municipio. Indicó, además, que sus intereses personales y de negocios interfieren con su juicio profesional en la representación legal del peticionario, ya que el Lcdo. Christian J. Francis Martínez es promovente de varios pleitos en contra del Municipio.

Así las cosas, el 22 de octubre de 2024, la parte recurrente presentó una *Oposición a Solicitud de Descalificación y Renuncia al Derecho a Solicitar Celebración de Vista para Presentar Prueba.* En ajustada síntesis, adujo que los procedimientos en que fue abogado del Municipio no están relacionados con la presente controversia. Señaló que mientras ostentó la representación legal del Municipio, no existieron secretos o confidencias que le hubieran sido divulgados y que se estén utilizando o pudiesen ser utilizados para adelantar los intereses del peticionario. Asimismo, esgrimió que el foro primario podía concluir, sin la celebración de una vista evidenciaria, que los procedimientos de expropiación forzosa de un bien inmueble declarado como estorbo público y un *Recurso Especial de Revisión Judicial para el Acceso a Información Pública,* son procedimientos que no están relacionados.

Consecuentemente, el 20 de diciembre de 2024, el TPI emitió una *Resolución* mediante la cual declaró *Ha Lugar* la solicitud de descalificación que presentó el Municipio. Así, el 5 de enero de 2025, el peticionario presentó una *Reconsideración.* Posteriormente, el 27 de enero de 2025, la parte recurrida presentó una *Moción en Oposición a Reconsideración.* Entretanto, el 6 de marzo de 2025, notificada el 10 de marzo de 2025, el foro primario emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme, el 9 de abril de 2025, la parte peticionaria compareció ante *nos* mediante un recurso de *certiorari* y alegó la comisión de los siguientes errores:

**Primer señalamiento de error:**

**Erró el Tribunal de Primera Instancia al descalificar al Lcdo. Francis Martínez & Bufete Francis & Gueits de la representación legal de la parte peticionaria, pues no se configura existe un conflicto ético según las normas jurídicas aplicables.**

**Segundo señalamiento de error:**

**Erró el Tribunal de Primera Instancia al descalificar al Bufete Francis & Gueits de la representación legal de la parte peticionaria, sin celebrar una vista probatoria en la que se pudiera dilucidar las alegaciones generales y no sustanciales del Municipio de Caguas sobre la existencia de un conflicto de intereses.**

El 21 de abril de 2025, la parte recurrida presentó su *Oposición a la Expedición de Auto de Certiorari.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos*

*Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Examinado el recurso de *certiorari* de epígrafe, a la luz de la *Resolución* recurrida, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

Al examinar el trámite procesal del caso y la *Resolución* del 20 de diciembre de 2024, no encontramos indicio de que el foro primario haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689 (2012).

En el caso ante *nos*, el foro *a quo* tuvo la oportunidad de evaluar la *Moción Solicitando Descalificación [...]* y la *Oposición a Solicitud de Descalificación y Renuncia al Derecho a Solicitar Celebración de Vista para Presentar Prueba* y, en consecuencia, emitió la *Resolución* recurrida. Esto, luego de brindarle oportunidad a las partes de expresarse y presentar sus alegaciones en cuanto a la solicitud de descalificación. Asimismo, es importante destacar que

fue la propia parte peticionaria quien solicitó la denegatoria de la solicitud de descalificación sin la celebración de una vista. Por lo que, ante la inexistencia de abuso de discreción, no procede la expedición del auto de *certiorari* en el caso ante *nos*.

Así pues, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, *supra*. A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

En consecuencia, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el recurso de *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones